## SPAULDING *v.* HANSCOM.

A sale and delivery of a pair of horses represented to be all right and fit for work, the purchaser relying upon the representations of the vendor without examination, when in fact the horses were known to the vendor to be lame and unfit for work, is rescinded by a notice from the purchaser the next day, after an examination, that he should not accept the property delivered, and a request to take it away.

ASSUMPSIT. Facts found by a referee. The defendant purchased of one Hall a team and outfit for logging, viz., a pair of horses, a set of traverse sleds, a pair of harnesses, a pair of horse-blankets, two head-halters, seven chains, and one cant-hook or cant-dog. Two weeks later the defendant met the plaintiff on the road leading from North Groton to Rumney, and offered to sell him the property which he had purchased of Hall for one hundred dollars, which offer the plaintiff then and there accepted. The plaintiff at this time asked the defendant if the horses were all right and fit to be put to work, and he said they were, and were not lame. One of the horses was then lame, and the defendant knew it. On the second morning after this the defendant went to the plaintiff's premises in Rumney with the team, and, as he represented, with all the other property he had had of Hall, from five to fifteen minutes before train-time south that morning. The plaintiff was going south on the train, and had no sufficient opportunity to examine the property, and did not at that time examine it, but relied upon the defendant's representations, which were that the horses were fit to go right to work, and were not lame, and that he had delivered all the property he had bought of Hall. The plaintiff told his hired man to take the team up to his farm, and left immediately on the cars, returning home in the evening of the same day. The next morning the plaintiff saw the property and examined it, and found one of the horses lame, the other apparently diseased, and that both were unfit to work. He found that the defendant had delivered only three of the chains he had bought of Hall, and no cant-dog, and had not delivered the same horse-collars nor blankets nor halters, but in lieu of the ones he had had of Hall he brought two collars and a pair of blankets that were of no value, and a pair of rope halters that were of less value than the Hall halters. The plaintiff paid the hundred dollars which he had agreed to pay to the defendant for the property on the morning the defendant brought the team to him, before leaving home. February 3 the plaintiff saw the defendant at Rumney, and informed him that one of the horses was lame, that the horses were not fit to work, that he had not delivered all the property, and that he should not accept the property delivered, and requested him to take it away and pay

him back the money, which the defendant refused to do, and has never since done. The defendant knowingly and fraudulently misrepresented the condition of the horses, and knew he had not delivered all the property he had had of Hall, which he agreed to deliver. If upon the foregoing facts the plaintiff is entitled to recover, the damages are one hundred dollars, with interest from February 3, 1891.

*Joseph C. Story*, for the plaintiff.

*E. A. & C. B. Hibbard*, for the defendant.

CLARK, J. The only question is, whether the notice to the defendant by the plaintiff, the next day after the delivery of the property, that one of the horses was lame, that they were not fit to work, that the defendant had not delivered all the property, and that he should not accept the property delivered, requesting him to take it away, was a sufficient revocation of the contract. The fact is found that the defendant knowingly and fraudulently misrepresented the condition of the horses, and knew that he had not delivered all the property which he agreed to deliver. The fraud of the defendant vitiated the sale, and it was not binding upon the plaintiff. The plaintiff, not having an opportunity to examine for himself, relied upon the statements of the defendant, which were false. Upon ascertaining the facts, all that was necessary to revoke the contract was to notify the defendant that he should not accept the property. Such notice was given seasonably, and the contract was avoided.

*Judgment for the plaintiff.*

BLODGETT, J., did not sit: the others concurred.